**LAWRENCE W. RADER**
ATTORNEY AT LAW
225 BROADWAY  SUITE 400
NEW YORK, NEW YORK  10007

PHONE(212) 791-5200
FAX(212) 791-5400
EMAIL larry@lawrader.com

June 29, 2009

Hon.  Joseph F.  Bianco, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  Re: *Puglisi v.  Debt Recovery Solutions, LLC*, 08 CV 5024 (JFB)(WDW)

Your Honor:

  I represent the defendant in this action and write pursuant to the Court's rule III.A. to request a pre-motion conference.  Defendant intends to move to dismiss the complaint pursuant to F.R.Civ.P. 12(b)(6), both because it fails to state a claim under which relief can be granted, and because the statute of limitations has run.  We will ask the Court to set a briefing schedule at the conference.

  This is a purported class action brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").  Plaintiff also purports to proceed under the Electronic Fund Transfer Act, 15 U.S.C. § 1693 ("EFTA") but states no claim thereunder.

  The basic facts of the case are these: Plaintiff owed money to Verizon and received a collection letter from defendant.  The content of the letter is not at issue.  Plaintiff agreed to make payments under a schedule which defendant agreed to, and authorized automatic payments to defendant for that purpose.  Defendant mistakenly made one of the authorized withdrawals before the date to which it agreed.  When it became aware of its error, it immediately returned the money and reimbursed plaintiff for its bank charges.

  Under § 1692d, a "debt collector" (which defendant acknowledges it is) "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  The section then sets forth a non-exclusive list of proscribed conduct.   Section 1692e(5) bars any "false, deceptive, or misleading representation or means in connection with the collection of any debt," and provides a non-exclusive list of examples of such actions.  The FDCPA further provides for federal jurisdiction of any claims arising thereunder, without regard to the amount in controversy, §1692k(d).   The statute of limitations for FDCPA claims is one year "from the date on which the violation occurs," *id.*

"The FDCPA was passed to protect consumers from deceptive or harassing actions taken by debt collectors. To effectuate this purpose, we review claims of FDCPA violations under the so-called least-sophisticated-consumer standard in order to: (1) ensure[] the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices, and (2) protect[] debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir.2002)(citation and quotation marks omitted).

1. The complaint is untimely.

In this case, plaintiff contends that he reached an agreement with defendant regarding payment of a consumer debt owed to Verizon in the amount of $254.38 (complaint, ¶¶ 3 & 21). He alleges that the agreement was entered into in late October or early November 2007 (¶ 12) and that it was to pay the debt in two installments via authorized automatic withdrawal, with the first one due "in the middle of November, 2007." (¶ 14)(emphasis added). He states that, on November 2, 2007, defendant sent him a letter setting out their understanding that plaintiff's account would be debited $100 by November 2007, and $154.38 by December 23, 2007 (¶¶ 21 & 34).

The next paragraph states that "the initial payment was supposed to be November 16, 2008." (¶ 15), that he asked the defendant to "withdraw the funds one week later on November 23, 2008. (¶ 16), and that "the notes of the defendant reflect that very fact." (¶ 17). But then plaintiff alleges that "defendant ignored the agreement and attempt [sic] to withdraw the funds on November 16, 2007." (¶18). Given that most of the dates in plaintiff's complaint are in 2007, we should assume that the two references to 2008 are erroneous.

With respect to the second payment, he alleges that he asked "[a] female collector, on behalf of the defendant" not to negotiate the second payment of $154.38, and that she agreed, but that the payments, and another one for $8.75 (the purpose of which is unexplained), were subsequently debited from plaintiff's account, and that the larger payment was withdrawn on December 26, 2007 (¶ 27).

Plaintiff alleges that the November 2, 2007 letter contained false representations (¶37), and that it violated the FDCPA (¶42). Thus, the dates on which plaintiff's claim arose were either November 2, 2007, when the letter was sent, or at the latest, on November 16, 2007, when defendant allegedly wrongfully withdrew the funds. The complaint in this action was filed on December 12, 2008, and is thus time-barred. The fact that another withdrawal was allegedly made on December 26, 2007 does not alter this result, because the statute of limitations runs from the "date on which the violation occurs" and that date is when the defendant allegedly violated the agreement by withdrawing the funds, or November 16, 2007, not when it was actually paid. Accordingly, assuming the truth of everything in the complaint, it is untimely.

2. The complaint fails to state a claim under the FDCPA.

Even assuming that the statute of limitations is not a bar, the complaint nonetheless fails

to state a claim under the FDCPA.  The cases under the FDCPA generally fall into two categories: claims which allege violations because of form letters used by debt collectors, and specific instances of proscribed conduct.  This would have to be an example of the latter.  But it is still insufficient as a matter of law.  Section 1692f of the FDCPA provides, at pertinent part, that "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section ...(4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument."

Although defendant did withdraw the funds a week early, it is not disputed that defendant immediately corrected its error.  The Complaint does not in any way allege that there was any pattern by defendant to operate in this manner.  And to the extent that the error caused plaintiff to incur $60.00 in bank charges, defendant reimbursed plaintiff for that money.  Section 1692k(c) of the FDCPA states that "A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."  This is clearly the case.  Thus the action should be dismissed.

3. <u>The complaint fails to state a claim for class action status</u>.

Because the plaintiff's allegations state no more than a single claim based upon a set of facts peculiar to him alone, he cannot meet the principal prerequisites of F.R.Civ.P. 23(a), namely numerosity, commonality and typicality.  The claim for class action status is therefore inappropriate and we intend to move to dismiss it.

Finally, we intend to seek costs, disbursements, attorney's fees, and dismissal of this action on the ground that it was brought in bad faith and for the purpose of harassment, 15 U.S.C. § 1692k(a)(3). This attorney has brought multiple cases against defendant, and has not prevailed in any of them.

          Very truly yours,

          *Lawrence W. Rader*

          Lawrence W. Rader

cc:     Adam Fishbein, Esq.