# LAWRENCE W. RADER
ATTORNEY AT LAW
225 BROADWAY  SUITE 400
NEW YORK, NEW YORK  10007

PHONE(212) 791-5200
FAX(212) 791-5400
EMAIL larry@lawrader.com

October 11, 2010

Hon.  Joseph F.  Bianco, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Puglisi v.  Debt Recovery Solutions, LLC*, 08 CV 5024 (JFB)(WDW)

Your Honor:

I represent the defendant and write in response to plaintiff's pre-motion letter to the court.  Mr. Fishbein submits that "many of the issues in the amended complaint" can be decided by summary judgment, and further argues that both the FDCPA and the EFTA claims are ripe for such a motion.  We do not believe that a summary judgment motion can succeed.

In the first place, section 1692k(c) of the FDCPA states that "[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."  In his letter, plaintiff's counsel does not allege that the violation was intentional, and indeed offers no allegation that it was anything but what defendant has contended throughout this case - an understandable error which was corrected promptly by a refund of plaintiff's bank charge.  Moreover, even if he did make such an allegation (and it is impossible to do so, because plaintiff has no knowledge of the facts underlying the error), the question of whether the violation was intentional or not would seem a crucial question of fact, inasmuch as it goes to the ultimate question of liability.

This Court has already said as much, in its opinion partially denying defendant's motion to dismiss, stating that "[t]his defense, by its terms, requires the debt collector to demonstrate by a preponderance of the evidence that the violation was unintentional. Such a determination is a factual question that this Court is unable to resolve based on the facts before it at the motion to dismiss stage in this case."  Slip op. at 6.  Plaintiff has failed to adduce any evidence to resolve this factual question at all, let alone in its favor, and has had ample opportunity to do so.  Thus summary judgment would appear to be unavailable and inappropriate.

As for the claim under the Electronic Funds Transfer Act, the crucial issue is not only whether the necessary authorization was sent to the consumer, but also whether the transfer of funds was authorized by the consumer in the first place. Here, all that the Court has held is that defendant is not automatically exempt from the EFTA merely by virtue of being a debt collector, and not a financial institution. But the extent to which Congress intended to impose third-person liability under the EFTA is not at all clear, and it would seem an inappropriate extension of the statute to find liability under circumstances where the transfer was authorized. The cases are scant, and the fact that the transfer was actually authorized by the plaintiff seems indisputable (and has not been disputed by plaintiff). Thus liability under the EFTA under these facts seems highly doubtful.

Plaintiff had demanded for months that defendant's principal submit to a deposition, and it is undisputed that defendant offered to appear. But the discovery deadline passed without plaintiff's attorney having taken the deposition he insisted was so important, and the Court refused his request for more time to do so. Had he done so, the question of intention could have been resolved, but on this record, he cannot demonstrate that the error was intentional, and defendant will submit evidence either at trial or in opposition to the motion to demonstrate that it was not. In essence, plaintiff has waived his opportunity to resolve any potential issues of fact, and the motion is therefore likely to fail.

It is plain that plaintiff wants to harass defendant into spending money so that we'll settle the case. It has been made clear many times that this case is about legal fees, not any damages incurred by his client. We therefore ask that the Court deny plaintiff's request.

Very truly yours,

*Lawrence W. Rader*

Lawrence W. Rader

cc:   Adam Fishbein, Esq.