UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
MICHAEL PUGLISI[1]

        Plaintiff,       08 CV 5024 (JFB)

  -against-

DEBT RECOVERY SOLUTIONS, LLC

        Defendant.
-------------------------------------------------------------

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND IN RESPONSE TO DEFENDANT'S CROSS-MOTION FOR
<u>SUMMARY JUDGMENT</u>**

      Dated: Cedarhurst, New York
        January 10, 2011

        Respectfully submitted,

        Adam J. Fishbein, P.C.  (AF-9508)
         Attorney At Law
         **Attorney for the Plaintiff**
         483 Chestnut Street
         Cedarhurst, New York 11516
         Telephone (516) 791-4400
         Facsimile (516) 791-4411

---

[1] Plaintiff requests that the additional language referring to a class be deleted as the amended complaint is for an individual action.

1

**TABLE OF CONTENTS**

**DEFENDANT HAS VIOLATED THIS COURT'S INDIVIDUAL RULES** ….3

**DEFENDANT HAS NOT DEMONSTRATED HOW IT CAN
NOW ASSERT THE BONA FIDE ERROR DEFENSE** …………………………4

**DEFENDANT'S "BONA FIDE" ERROR
DEFENSE DOES NOT ADDRESS THE ISSUES**………………………………....5

**THE DEFENDANT IS IN VIOLATION OF 1692f BY ATTEMPTING TO
COLLECT AN AMOUNT NOT PERMITTED BY LAW** ……………………6

**THE DEFENDANT VIOLATED 1692e(10) BY CONFUSING THE PLAINTIFF
BY WITHDRAWING THE FUNDS IN DECEMBER, 2007 WHEN THE
DEFENDANT HAD PREVIOUSLY INDICATED THAT THE PLAINTIFF
INDICATE THE ACCOUNT NUMBER ON THE CHECK** …………………8

**THE DEFENDANT IS IN VIOLATION OF 1692e(5) BY THREATENING TO
COLLECT AN AMOUNT NOT AUTHORIZED BY LAW** …………………9

**THE DEFENDANT IS IN VIOLATION OF 1692f(2) BY FAILING
TO INFORM THE PLAINTIFF OF THE INTENT
TO WITHDRAW THE FUNDS IN DECEMBER, 2007** ……………………..10

**THE DEFENDANT VIOLATED THE
ELECTRONIC FUNDS TRANSFER ACT** …………………………………….11

**THE DEFENDANT HAVING VIOLATED THE ELECTRONIC FUNDS
TRANSFER ACT IS A VIOLATION OF 1692f** ……………………………..11

**CONCLUSION**………………………………………………………………… 12

## **DEFENDANT HAS VIOLATED THIS COURT'S INDIVIDUAL RULES**

Defendant has filed a cross-motion for summary judgment contrary to this Court's individual rules and according to the order of the Court. According to the Court's rules, before a party moves for summary judgment, the party must request a pre-motion conference. In response to the plaintiff's request for a pre-motion conference and at the pre-motion conference conducted via telephone, the defendant failed to raise the issue of cross-moving for summary judgment. Instead, without prior Court approval, defendant has cavalierly cross-moved. Perhaps the defendant's cavalier approach to the Court's rules is indicative of its commitment to compliance with the Fair Debt Collection Practices Act.[2] Perhaps defendant wants to use the opportunity to have an additional attempt to defeat plaintiff's motion for summary judgment which should not be condoned by this Court. However, to date, I have not seen any application by the defendant for permission to file a reply brief concerning its cross-motion.

Defendant has attacked the plaintiff for not having complied with Local Rule for not having attached a memorandum of law. Plaintiff questions what is the definition of a memorandum of law. While the plaintiff's initial brief did not contain a plethora of caselaw, it did cite the standard for a motion for summary judgment, the standards for liability under the FDCPA, the case from the United States Supreme Court, and last but by no means least, this very Court's decision denying defendant's motion to dismiss both causes of action. The Court's said decision addresses the issues raised in plaintiff's within motion. Furthermore, one could also argue that the mere citing to the statutory provisions and the facts apply to them, the violations are so glaring that numerous citations to various authority could possibly dilute the crisp presentation of defendant's unsavory acts against a consumer who had fallen on hard times.

---

[2] Being that the president of Debt Recovery is an attorney, according to Donald Schwartz' affidavit, perhaps the Court would attribute the violation of the Court's rules to the defendant itself, and not just to defendant's counsel.

3

**DEFENDANT HAS NOT DEMONSTRATED HOW IT CAN
NOW ASSERT THE BONA FIDE ERROR DEFENSE**

In plaintiff's initial memorandum, plaintiff demonstrated how the defendant did not give plaintiff notice of asserting the bona fide error defense. Defendant identified all relevant documents in the initial disclosures and did not raise the *bona fide* error defense as an affirmative defense in its answer. Defendant ignored this argument in its response to plaintiff's motion. Why, because there is no response. Defendant's response was to just set forth its defense. Defendant should not be able to assert the defense because the plaintiff has been prejudiced. Because defendant did not asset the *bona fide* defense in its answer or did not identify any documents which would support a *bona fide* error defense, the plaintiff has been prejudiced by not having sufficient notice. While the parties were discussing the taking of the deposition of the defendant, the defendant kept raising the issue that plaintiff was trying to harass the defendant and implied that plaintiff had all the information required to proceed to trial. After Magistrate Wall denied the motion to compel the deposition, then the defendant asserted the *bona fide* error defense in its response to plaintiff's application for leave to move for summary judgment.

However, assuming *arguendo* the defendant can asset this defense, it would only apply in a limited fashion. As set forth in plaintiff's initial memorandum, most of the plaintiff's claims involve what could be considered either an intentional attempt to violate the FDCPA or a mistaken view of the law.

4

### DEFENDANT'S "BONA FIDE" ERROR
### DEFENSE DOES NOT ADDRESS THE ISSUES

As plaintiff anticipated by addressing the *bona fide* in the initial memorandum, defendant has not, and is not able to demonstrate how a supposed Defendant has attached Schwartz' affidavit which purports to set forth that the defendant has certain procedures in place in order to prevent violations of the FDCPA. However, as anticipated in plaintiff's initial brief, plaintiff is not addressing the fact that the defendant cautions its collectors to comply with the Act. The allegations raised in much of the within motion for summary judgment address issues of mistake of law and not mistake of fact.

It is apparent that the defendant has misunderstood the plaintiff's allegations which seem to have been quite clearly set forth in this Court opinion denying defendant's motion to dismiss. In the footnote on page four of defendant's memorandum of law defendant stated in part as follows: "This case however involves only an error of fact, namely the mistaken submission of a check for payment before it had been agreed by the parties, and the charging of a fee for a bounced check." The submitting the check early and the charging of a fee for a bounced check are factual issues but are not the issues herein. The issues herein are the amount of the fee which is an issue of law and the threatening to collect that illegal fee. As will be discussed below, clearly, any attorney/owner of a collection agency is expected to know the maximum amount one can charge for a bounced check. But as the defendant has recognized in the very same footnote, the *bona fide* error defense is not available for a mistake of law.

5

## THE DEFENDANT IS IN VIOLATION OF 1692f BY ATTEMPTING TO COLLECT AN AMOUNT NOT PERMITTED BY LAW

As stated in plaintiff's initial brief, Plaintiff alleges that the defendant unlawfully attempted to charge the plaintiff $25.00 for an insufficient funds fee when the maximum amount in New York State is only $20.00. This is clearly a violation of 1692f. 1692f(1) states as follows:

"The collection of any amount (including any interest, fee, charge, or expense incidental to the principle obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

Clearly the amended complaint alleges that the defendant has violated this section by attempting to collect an amount which is not permitted by law. New York State law, N.Y. Gen Oblig. Law 5-328 (2003)

The defendant attempted to charge $25.00 for the fact that the plaintiff bounced a check when the defendant attempted to negotiate same electronically. As also set forth below in the bona fide error section, the plaintiff propounded request for admission 12 as follows: "The defendant attempted to impose two $25.00 fees for representing bounced check fees." Defendant responded as follows: "Denied. Defendant did not impose the fees; defendant was charged the fees by its bank." In request for admission 14 (referring to 13), the plaintiff propounded as follows: "In the said undated letter, the $125.00 reflected $100 still owing on the account and a $25.00 bounced check fee." Defendant responded to the request as follows: "Admitted, but do not recall if it was $25 or $30.

Clearly, defendant has admitted that it has attempted to seek the fee which its bank charged for the fact that plaintiff's check had bounced. Defendant apparently has a mistaken view of the law. Apparently, defendant has attempted to shield itself from

6

liability arguing that it has charged the plaintiff $25.00 for the fact that its bank has charged a fee. However, that is exactly the intent of New York's bounced check statute. The statute is clear that the maximum that can be charged to a consumer is $20.00.

The defendant attempts to suggest that the defendant corrected the initial violative act in November by correcting the error. However, there is certainly pattern of misconduct. The amended complaint alleges that the defendant engaged in the same conduct after the breach of a new agreement in December. The defendant suggests that the plaintiff is alleging that defendant is violation of 1692f(4). In fact, the defendant is in violation of 1692f(4) for its conduct the second time in the December unlawful incident.

The defendant has not addressed this issue in its memorandum and has not disputed any of the 56.1 Statement of Facts. The defendant has generally argued that the bona fide error defense should apply. Defendant cites to *Johnson v. Riddle* and *McMahon v. Credex* on page three of its response brief setting forth the standards of the bona error defense, namely, that the violation of unintentional, resulted from a bona fide error and that the it occurred despite there being procedures in place. It is clear from the responses to the interrogatories that the defendant intentionally charged $25.00 for a bank fee for the bounced check. Therefore, the defendant fails with prong number one. In addition, plaintiff submits that the defendant has not set forth any procedures concerning the charging of a bank fee for a bounced check. The defendant has only set forth procedures for the handling of the depositing of a post-dated check. That is not one of the issues raised in the within motion for summary judgment. The issue is not how the defendant handled the post dated check and how it calendared when it was supposed to

7

be deposited, but the issue is what did the defendant do after the fact. Here, the defendant illegally and willfully charged $25.00.

### THE DEFENDANT VIOLATED 1692e(10) BY CONFUSING THE PLAINTIFF BY WITHDRAWING THE FUNDS IN DECEMBER, 2007 WHEN THE DEFENDANT HAD PREVIOUSLY INDICATED THAT THE PLAINTIFF INDICATE THE ACCOUNT NUMBER ON THE CHECK

Defendant did not respond to this claim. Defendant has merely raised the issue of using its best efforts to return funds when they are withdrawn early. Defendant did not address the fact that it continued to confuse and deceive the defendant where it has originally requested that the plaintiff provide drafts but withdrew the funds electronically.

The November 2, 2007 demonstrates the pattern of defendant's misconduct. Strikingly, the November 2, 2007 letter sets forth that: "Please affix the above account number on the face of your draft so we may apply your payment accordingly. Upon receipt and clearance of said funds, this account will be deemed settled in full and there will be no further outstanding obligations pertaining to this account." (Attached exhibit.) This was clearly not the agreement between the parties. At the time of the unlawful withdrawal of the funds in December, 2007, the plaintiff rightfully became confused. In the November 2, 2007 letter, the defendant memorialized the agreement that the plaintiff would provide the check as the plaintiff was to affix the account number on the check. In actuality, the parties agreed that the defendant would cause the funds to be withdrawn via electronic transfer which is precisely what the defendant did. Instead of complying with EFTA as is more fully set forth in the second cause of action, by sending the plaintiff a letter setting forth the procedure of electronic transfers, the defendant sent a letter to the plaintiff indicating that the plaintiff should affix the account number on the check. There

8

is a violation of 1692e(10) by confusing the plaintiff as the defendant had previously indicated that the plaintiff was to send a check.

This is clearly a violation of the law. The Court has already addressed this issue. Now the Court has the facts before it in the plaintiff's affidavit and the Rule 56.1 Statement of Facts. (See paragraphs 1-7.) The defendant did not deny explicitly any of the plaintiff's Statement of Facts so that they are deemed admitted.

### THE DEFENDANT IS IN VIOLATION OF 1692e(5) BY THREATENING TO COLLECT AN AMOUNT NOT AUTHORIZED BY LAW

In the said undated letter sent within one year prior to the filing of the complaint, the defendant set forth the following language.

"Specific terms of repayment were agreed upon and acknowledged. As of this date, you are in default of this payment arrangement and your immediate response is required in order to avoid additional collection efforts."

Said language is falsely threatening in violation of 1692e(5). Pursuant to 1692e(5), one cannot threaten action for which the debt collector does not have authorization or which the debt collector cannot legally do. The plaintiff has alleged that the defendant has added $25.00 to the amount owed unlawfully. Plaintiff incorporates herein the factual allegations concerning the defendant's discovery responses concerning the $25.00 bounced check charge unlawfully imposed by the defendant. The defendant has further threatened that the plaintiff must respond immediately in order to avoid additional collection efforts. The defendant cannot lawfully engage in a threat to engage in additional collection efforts to collect the amount of $125.00. The defendant could

9

lawfully engage in additional collection efforts only to collect, at best the amount of $120.00. Therefore, the defendant is in violation of 1692e(10) and 1692e(5).

Being that the record is that the defendant has not addressed this issue, the violation speaks for itself. This issue is similar to the issue of the aforementioned $25.00 illegal fee issue. The defendant has not address the issue that it has threatened further collection of $125.00 when that was not the actual amount owed.

### THE DEFENDANT IS IN VIOLATION OF 1692f(2) BY FAILING TO INFORM THE PLAINTIFF OF THE INTENT TO WITHDRAW THE FUNDS IN DECEMBER, 2007

The amended complaint sets forth the history of the collection of the plaintiff's account.

1692f(2) sets forth as follows: "The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than then ten nor less than three business days prior to such deposit."

A review of the plaintiff's affidavit and the account history (attached hereto) demonstrates that no letter was sent three to ten days prior to the withdrawal of the funds on December 17, 2007. (See plaintiff's affidavit par. 22). Actually there is no record of a letter sent before the initial withdrawal of funds prior to the allegations within the statute of limitations period. (See account history.) Furthermore, there is no evidence concerning same in Donald Schwartz' affidavit.

While the plaintiff cannot allege violations concerning allegations prior to the statute of limitations, the prior conduct of the defendant can have a bearing on the

10

validity of the allegations ultimately. There is no indication of an effort to comply with the law. It is obvious that the defendant was unaware of the requirement to send a letter.

Defendant has not challenged the facts set forth in the Rule 56.1 Statement of Facts. Furthermore, defendant has only addressed the occurrence of returning the bank fees assessed by the plaintiff's bank the first time. Defendant has admitted paragraph 22

## THE DEFENDANT VIOLATED THE ELECTRONIC FUNDS TRANSFER ACT

The plaintiff has carefully pled a cause of action under the EFTA. It appears that the defendant recognizes that the EFTA applies to financial institutions as well as to any person based upon the statutory sections cited by defendant in its memorandum. (See pages 6-7).

It is clear from the plain meaning of the statute, see e.g 205.10b, that certain sections of the EFTA apply to any person as the defendant has apparently recognized it its memorandum. The defendant clearly failed to comply with the provisions of EFTA in its dealings with the plaintiff.

A review of the account history demonstrates that the defendant only refunded the plaintiff on one occasion. No refund was sent out subsequent to the attempted withdrawal of $154.38 on December 17, 2007. See plaintiff's affidavit at par. 29.

## THE DEFENDANT HAVING VIOLATED THE ELECTRONIC FUNDS TRANSFER ACT IS A VIOLATION OF 1692f

Paragraph 41 through 49 and 53 essentially set forth the allegations necessary to prove a violation of EFTA. Plaintiff has adopted the facts set forth in the amended Assuming that the Court determines that the second cause of action sets forth a claim, the

violation of EFTA by definition is a violation of the FDCPA. Furthermore, even if the Court, for some reason, determines that the plaintiff has not met all of the elements to plead an EFTA claim, the failure to provide the necessary disclosures concerning the electronic transfers is sufficient to violate 1692f. 1692f states initially as follows:

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:"

Furthermore, as cited above 205.10b(2) requires written authorization to engage in an electronic transfer. At no time did the plaintiff provide written authorization to electronically transfer money from the plaintiff's account. Being that the said citation to EFTA is similar to 1692f(2), the defendant is in violation of 1692f when it withdrew funds from the plaintiff's account in December, 2007.

## CONCLUSION

WHEREFORE, plaintiff respectfully requests that the Court grant plaintiff's motion for summary judgment and leave the issue of damages to be decided at a later date.

Dated: Cedarhurst, New York
January 10, 2011

Respectfully submitted,

/s/
_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411