# LAWRENCE W. RADER
ATTORNEY AT LAW
225 BROADWAY  SUITE 400
NEW YORK, NEW YORK  10007

PHONE(212) 791-5200
FAX(212) 791-5400
EMAIL larry@lawrader.com

June 6, 2012

<u>VIA TELECOPIER AND ECF</u>
Hon.  Joseph F.  Bianco, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Puglisi v.  Debt Recovery Solutions, LLC*, 08 CV 5024 (JFB)(WDW)

Dear Judge Bianco:

I write in response to Mr. Fishbein's letter offering to dismiss this Action with prejudice. Under Rule 41(a)(2), the dismissal cannot be unconditional, but must be "on terms that the court considers proper."  Defendant requests that that the court consider such proper conditions in connection with the dismissal of the action.

As the court is aware, from the instant this case was  commenced, we have argued that it was frivolous and brought solely for the purpose of harassment.  Our contention was met with plaintiff's counsel's repeated insistence from the beginning that he was taking it to trial.  However, plaintiff's counsel consistently brought on frivolous motions, such as a motion to compel a deposition of defendant that plaintiff never took, and spent two years litigating the matter, solely, we have always contended, for the purpose of wearing defendant down to a point where defendant would pay thousands of dollars in settlement of a case over $150.00.

Now, at the last minute, after we spent substantial time complying with the Court's rules and preparing our pre-trial papers, plaintiff abruptly says "never mind."  The Court has dismissed the case with prejudice, but without imposing conditions.  Defendant is entitled to have the dismissal be with conditions.  We would request that the court impose the following terms and conditions:

(1) we would ask that DRS have the right to move for attorney's feesfFollowing the U.S. Supreme Court's decision in the Marx case, as we Requested in the pre-trial papers we filed on Monday.
(2) we would reserve the right to seek a determination that plaintiff and His counsel acted in bad faith and for purposes of harassment, so as to Justify fee-shifting under present law, in the event that the Supreme Court  Preserves the distinction in FDCPA cases between plaintiffs and defendants.

Hon.  Joseph F.  Bianco
June 6, 2012
Page 2


   If the Court requires a formal motion for this relief, we will file it. Otherwise the issue can
be determined on the basis of this letter and Plaintiff's response.

   We appreciate the Court's attention.

        Very truly yours,

        *Lawrence W. Rader*

        Lawrence W. Rader

cc:  Adam Fishbein, Esq.