**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

June 6, 2012

<u>**VIA ECF**</u>
The Honorable Joseph B. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

RE:   Puglisi v. Debt Recovery
      08 CV 5024 (JFB) (WDW)

Dear Judge Bianco:

I represent the plaintiff in the above matter. Apparently, defendant filed the incorrect letter with the Court and has provided me with the letter which he intended to file. Plaintiff responds that defendant initially made a motion to dismiss. The Court denied the defendant's motion to dismiss. The parties then made cross-motions for summary judgment. The Court allowed one issue to proceed to trial and denied defendant's application for attorney's fees. Furthermore, the Court has already dismissed the action with prejudice which is what the defendant requested in its letter to the Court yesterday. It is axiomatic that many matters are resolved on the eve of trial despite all of the work involved. Had we decided to proceed, we would have sought to remedy the situation and have our papers deemed timely filed as the documents and issue of the illegal bounced check fee was already before the Court in the parties' respective motions for summary judgment.

Furthermore, we do not believe that it is appropriate to hold the matter in abeyance where defendant is hoping for some decision in its favor from the Supreme Court. However, what is most striking is that the defendant's counsel is relying upon the Marx appeal from the Tenth Circuit concerns the review of the circumstances of awarding attorney's fees. The defendant (whether intentionally or negligently) has mischaracterized the holding in that case. The holding awarded costs where there was an offer of judgment which was not accepted. The defendant is using that decision on costs to ask this Court to hold the matter in abeyance to make a motion for attorney's fees. As I recall as the matter was filed in 2008, there was never an offer of judgment served upon the undersigned. Therefore, the Marx decision does not apply and is without the Second Circuit.

It is obvious that from the beginning the defendant has been on a campaign against the undersigned. It seems that to further this matter is bordering on vexatious litigation.

Thank you for the Court's consideration of the foregoing.

Yours faithfully,

/s/
Adam J. Fishbein

cc:     Lawrence W. Rader, Esq.