LAWRENCE W. RADER
Attorney for Defendant
225 Broadway, Suite 400
New York, New York 10007
212.791.5200

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

MICHAEL PUGLISI,

        Plaintiff,                    08 CV 5024 (JFB)(WDW)

    -against-                   **DECLARATION**

DEBT RECOVERY SOLUTIONS, LLC,

        Defendant.

-----------------------------------------------------x

    LAWRENCE W. RADER declares the following as true under penalty of perjury, pursuant to 28 U.S.C. § 1746:

    1. I am the attorney for the defendant and a member of the bar of this Court, and submit this declaration in support of defendant's post-dismissal motion for a reasonable attorney's fee, pursuant to 15 U.S.C. § 1692k(a)(3) and 15 U.S.C. § 1693m(f).

    2. This case was brought over a dispute involving $25, which the court has ruled was charged to plaintiff as a result of a bona fide error, and was never paid by the plaintiff. It has lasted over 3 ½ years, during which time the Court dismissed virtually all of plaintiff's claims. It cost my client thousands in legal fees, and at the end of the day, on the eve of trial, the plaintiff's counsel folded his tent and walked away, voluntarily withdrawing his remaining claim. Moreover, he did so only after I had done the work of preparing pre-trial papers, not before. Plaintiff's counsel

seemed to make it his personal vendetta to harass my client into paying a settlement, all of which would have gone directly into his pocket.  From day one, I told him that the case was nonsense and that my client, who had been harassed by this attorney before, would not pay a dime.  Still, he made ever decreasing settlement demands and finally just withdrew his case.  He obviously never had a case and, moreover, never intended to bring it to trial.

3.  The salutary purposes of the Fair Debt Collection Practices Act are ill-served when lawyers bring cases, not to curb the abuses which are the reason the statute exists, but merely in hopes of generating a fee for plaintiff's counsel.  Honest debt collectors who follow the rules and refrain from those abuses should not be left victims themselves when plaintiffs force them to litigate for years over what were at worst good-faith (and corrected) errors, but then at the last minute refuse to take their cases to trial.

4.  This is such a case.  Plaintiff's counsel here has been frequently criticized by courts for bringing cases under the FDCPA on flimsy and frivolous grounds.  Indeed, it may be said that he is alone responsible for a body of law–set out in the memorandum–which states that honest debt collectors are disadvantaged when a law intended to protect consumers is improperly used against them.  It is past time for him to be discouraged from doing so again, and a fee award is an appropriate means to do so.

5.  Defendant has been harassed by this same plaintiff's counsel on multiple previous occasions with frivolous claims, and it was made amply clear to him from the beginning that this baseless case would not be settled, and that if defendant prevailed, we would pursue reimbursement for legal fees and costs to the fullest extent.  Thus plaintiff's counsel has only himself to blame for

the outcome. In fact, my many requests to him that he drop this case were met with the response that I was harassing him, and that he insisted he had a good claim.

  6. The work done in this case was substantial, including a motion to dismiss, document discovery, and a motion for summary judgment. Defendant offered several times to produce its president for a deposition, an invitation which plaintiff declined. Then, the Court determined that there was but one minor issue of material fact for trial, requiring that defendant prepare pre-trial papers, including a memorandum of law and proposing findings of fact and conclusions of law. And after all of that, plaintiff's counsel forfeited his opportunity by his own indifference, failing to file any pre-trial papers at all. Simple courtesy at that point would have dictated that he inform me of his intent not to proceed before, not after, I prepared those papers.

  7. The accompanying memorandum of law sets out the legal arguments for concluding that this action was brought, and long maintained, solely in bad faith and for purposes of harassment. The motion should be granted, the Court should so find, and the defendant should be awarded a reasonable attorney's fee. I will submit a proper application for fees once the motion is granted.

  8. I am mindful of the fact that the Court stated in one of its decisions in this case that there was "no indication that Plaintiff brought these charges in bad faith and for the purpose of harassment." We disagreed at that point but obviously the Court was then basing its statement on the state of the case in September, 2011. At that time, Mr. Fishbein had virtually strained his throat screaming, over and over, that he was going to trial and that he had brought the case because he could and would prove that nefarious debt collectors like defendant (in his words) had to be punished. [Parenthetically, Mr. Fishbein likes to state that Defendant was the subject of an investigation by the NY Attorney General, but he never points out that this years old investigation

examined the practices of many collection agencies and punished some, but no charges whatsoever were brought against defendant.)  The indication of harassment, even if it was not apparent to the Court last September, is amply evident now that Plaintiff has bailed on its case.  It is abundantly clear that Plaintiff never had a case and never intended to try its case, but rather it tried to harass defendant into paying counsel to go away.

Dated: New York, New York
      July 10, 2012

                                                *Lawrence W. Rader*
                                                LAWRENCE W. RADER