UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
MICHAEL PUGLISI

                            Plaintiff,                    08 CV 5024 (JFB)

               -against-

DEBT RECOVERY SOLUTIONS, LLC

                            Defendant.
----------------------------------------------------------

## MEMORANDUM OF LAW IN RESPONSE
## TO DEFENDANT'S MOTION FOR FEES

      Plaintiff brought suit against the defendant for a plethora of violations of the Fair

Debt Collection Practices Act as set forth in the amended complaint.  As is set forth in the

undersigned's affirmation, for altruistic reasons and in complete good faith, plaintiff

withdrew the action.  However, despite the Court's indicating in its decision upon the

parties' motions for summary judgment, there was no indication that the plaintiff had

brought the action in bad faith and for the purposes of harassment.  The Court reminded

Mr. Rader of this conclusion during the telephone conference setting forth the motion

schedule.  It appears that the main issue that the Court wanted the plaintiff to address is

why the plaintiff chose to withdraw the action after the defendant had submitted its pre-

trial submission.

      Plaintiff submits that plaintiff's counsel has set forth in a candid fashion the

circumstances concerning the withdrawing of the action in Fishbein's Affirmation

attached to this response brief.  In reviewing many decisions concerning the awarding of

attorney's fees, I have not found one case where a court awarded fees under a similar procedural or fact pattern.

In reviewing decisions from the district courts in New York, overwhelmingly the Courts have denied motions for attorney's fees.  Defendant has cited to Jacobson v. Heathcare Fin. Servs, 516 F.3d 85 (2d Cir. 2008).  However, this case supports plaintiff's position where the Second Circuit reversed the district court's holding that attorney fees should be awarded.  Clearly the standard is whether the action was brought in bad faith and for the purpose of harassment.  Clayson v. Rubin & Rothman, LLC, 2010 WL 4628516 (W.D.N.Y. Nov. 16, 2010) (motion for fees denied).   Moore v. Diversified Collection Servs, Inc. 2009 WL 1873654 (E.D.N.Y. June 29, 2009.  Debt collector's counterclaim was dismissed where the consumer had survived the debt collector's motion to dismiss.  That is precisely what happened here.  The Court denied the defendant's motion to dismiss.  See Kuhne v. Cohen & Slamowitz, L.L.P. 2008 WL 608607 (S.D.N.Y.  Mar. 5, 2008).  See Sorey v. Computer Credit, Inc. 2006 WL 1896401 (S.D.N.Y. July 7, 2006).  The Court denied the prevailing defendant's request for attorney fees and expenses since the action was "not objectively baseless" and the claim was not brought in bad faith or for purposes of harassment and instead "presented a fair ground for litigation."  Here too, the plaintiff presented a fair ground for litigation.

Apparently, defendant has reviewed the Marx v. General Revenue decision from the 10th Circuit with more care.  The defendant initially wrote to the Court for a pre-motion conference and indicated that it wanted to wait until the Supreme Court had a chance to decide the appeal from the Marx decision.  Defendant took the position that there could be an impact upon attorney's fees.  The holding awarded costs where there

was an offer of judgment which was not accepted.  The defendant was using that decision on costs to ask this Court to hold the matter in abeyance to make a motion for attorney's fees.  Apparently, as Mr. Rader indicated to the Court he would review the <u>Marx</u> decision again and now has changed his position on waiting until the Supreme Court rules.  He recognized that the Supreme Court would only have a possible effect upon costs. However, Mr. Rader indicated to the Court that there was not much in the way of costs in this action.

I am not sure where Mr. Rader is getting the idea that I kept "screaming" we want to go to trial.  I recall the Court gave us the option to proceed to trial or move for summary judgment.  We chose to move for summary judgment at that time.  Plaintiff submits that we have explained in good faith that the action was brough in good faith, that it was not brought for the purposes of harassment, that the plaintiff actually felt harassed by the defendant, and that we believed withdrawing the action was best for everyone, and at the greatest loss for the undersigned, and intended no bad faith or harassment by taking this position after the defendant had submitted its pre trial submission.

## <u>CONCLUSION</u>

WHEREFORE, plaintiff respectfully requests that the Court deny plaintiff's motion to dismiss.  We believe that the defendant has not shown that the action was brought in bad faith and for the purposes of harassment.

Dated: Cedarhurst, New York
August 9, 2012

Respectfully submitted,

/s/
_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411